WILSON v. CORWIN.

1. Witnesses—Credibility—Number.

The number of witnesses who testify on one side of an automobile accident case is not determinative of credibility to be accorded witnesses for the respective sides.

2. Automobiles—Observation at Intersection—Contributory Negligence.

In action by wife of driver of southbound car which was either turning or just had turned east on through highway when defendant's westbound car collided with it, evidence *held*, ample to justify finding by trial court sitting without a jury that plaintiff's driver was guilty of contributory negligence imputable to, and barring recovery by, plaintiff where, notwithstanding a partial obstruction of view, the driver had ample opportunity to have made an observation of any westbound traffic approaching within a distance of more than 400 feet.

Appeal from Kalamazoo; Weimer (Geo. V.), J. Submitted October 7, 1941. (Docket No. 3, Calendar No. 41,654.) Decided December 2, 1941.

Case by Martha A. Wilson against Otis Corwin for injuries received in an automobile collision. Judgment for defendant. Plaintiff appeals. Affirmed.

*Howard, Howard & Howard,* for plaintiff.

*Mason, Sharpe & Stratton,* for defendant.

NORTH, J. This is an automobile collision case heard in the circuit court without a jury. Defendant had judgment and plaintiff has appealed. In effect, appellant's contention is that the trial judge erred when, from the testimony, he reached the following conclusion.

"Defendant's claim is more reasonable, likely and probable than plaintiff's, and is supported by the testimony of several disinterested witnesses as well as the physical facts, particularly the positions of the cars after the collision.

"I am unable to find that the evidence in its entirety preponderately establishes that the collision occurred in the manner, in the circumstances claimed by plaintiff. In the absence of such finding, there is, of course, no theory upon which plaintiff may recover."

There is direct conflict in the testimony offered in behalf of the respective parties both on the issue of defendant's negligence and of negligence of the driver of plaintiff's car. Shortly before noon on the day of the accident, plaintiff and her husband, as driver, were proceeding south on highway M-184,

which at its southerly end junctioned at right angles with M-89, which is a through highway with an 18-foot pavement. Just north of the corner there is a stop sign on M-184. Defendant came from the east on M-89. To the east from the corner the through highway is on an upgrade of approximately 10 per cent. for about 350 feet, but from the junction of the two highways an automobile approaching from the east can be seen for more than 450 feet. As one approaches the corner from the north his view to the east is somewhat obstructed by a bank of earth and a wholly clear view to the east along M-89 is not obtainable until one is in relatively close proximity to the north edge of the pavement. The automobiles involved in this accident collided just a little east of the corner, and plaintiff was seriously injured.

Plaintiff claims that she and her husband at the time of the accident were exercising due care and caution, that they stopped their car approximately five feet from the north edge of the pavement in order to get a view along M-89 and that they there made an observation to the east, that they had a clear view to the crest of the hill and not seeing any approaching traffic they drove onto M-89, that when about to turn east and while crossing the northerly traffic lane on M-89 plaintiff's husband saw defendant's car coming over the hill from the east at a high rate of speed, between 55 and 70 miles per hour, on a pavement slippery because of rain or mist. Plaintiff further claims that although their car got onto the south side of M-89 and was headed east, defendant, as he approached, lost control of his car and being unable to stop it by use of his brakes skidded into plaintiff's car, throwing it around so that it was headed west when it stopped, and that defendant's car stopped on the south side of the

pavement headed in a southerly direction. Plaintiff testified:

"After we came to this stop, then we started ahead and went straight across * * * to the south half of the pavement on M-89, then we turned east. Prior to the collision we had not gone east but a very little ways. * * * Maybe the length of the car; not more than that. At that time when the collision took place, our car was on the south side, our righthand side of the pavement on M-89, and was headed straight east. * * * The Corwin car was very close on to us when I saw it first. * * * I didn't see it come over the hill. I saw it as it was coming down the hill. * * * It was headed right straight at us; hit us right head on."

Defendant claims that while his car was between 100 and 150 feet east from the corner where the accident happened and traveling west at 30 to 35 miles per hour, he observed plaintiff's car about 12 feet north of the north line of M-89, which would be about 36 feet north of the north edge of M-89 pavement; that plaintiff's car was proceeding slowly and did not thereafter stop before proceeding to cross the through highway. Defendant testified he thought plaintiff's car would stop but that instead it cut the corner in turning to the east; that in an effort to avoid the collision defendant applied his brakes and turned his car somewhat to his left; that he was not able to prevent the collision but instead his car skidded into plaintiff's, the two cars coming together on the north side of M-89 and at a point between 5 and 15 feet east of where the boundary line of M-184 extended would cross the pavement on M-89.

There can be no doubt under the record in this case that there was ample opportunity for plain-

tiff and the driver of her car before entering upon
M-89 pavement to have made an observation of any
traffic approaching from the east within a distance
of more than 400 feet. And there is ample testi-
mony that after the accident defendant's car had
stopped near the point of collision, headed in a
southeasterly direction and either astride the
center line of the pavement or on the southerly
side of the pavement; and that plaintiff's car had
turned to the south and when it came to a stop was
headed west and on the north side of M-89.

Appellant strenuously urges that aside from the
physical facts testified to by persons who came
upon the scene immediately after the accident,
plaintiff's version of the pertinent facts is sup-
ported by the testimony of both herself and her
husband, while defendant's version is supported
only by his own testimony. And further, plaintiff
emphasizes the fact that after the accident there
was broken glass on the south side of the pavement.
While each of these phases of the record merits
consideration, they are by no means conclusive.
The trial judge of necessity passed upon the credi-
bility of the respective witnesses; and the number
of witnesses is not determinative. Mr. Wilson's
testimony is contradictory on very material aspects
of the case. For example, he testified he first saw
defendant's automobile at the top of the hill which
he fixed at a distance of about 300 feet from the
point of collision; but he also testified both on di-
rect and on cross-examination that he first saw de-
fendant's car practically at the instant of collision.
Mrs. Wilson's testimony materially conflicted with
a statement made by her soon after the accident
according to the testimony of one of defendant's
witnesses. The circumstances attending the colli-
sion are such that the finding of broken glass after

the accident is not at all persuasive as to the exact point where the cars came together. And further, there is testimony that there was broken glass on both sides of the pavement.

More detailed review of this record seems unnecessary. The facts disclosed are such that we conclude the trial judge reached the right conclusion. There was ample testimony to justify a finding that the driver of plaintiff's car was guilty of contributory negligence, and such contributory negligence is imputable to plaintiff. This alone would bar recovery, regardless of negligence on the part of defendant. The judgment entered in the circuit court is affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, STARR, WIEST, and BUTZEL, JJ., concurred.